IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK, N.A.,<br><br>Defendant. | No. C13-2041<br><br>ORDER DENYING MOTION TO MODIFY PROTECTIVE ORDER |

On the 28th day of January 2015, this matter came on for telephonic hearing on the Motion to Modify Protective Order (docket number 140) filed by Defendant on December 29, 2014. Plaintiff United States Commodity Futures Trading Commission ("CFTC" or "the Commission") was represented by its attorneys, Robert Howell, Susan Gradman, and Anne Stukes. Defendant U.S. Bank, N.A. ("U.S. Bank" or "the Bank") was represented by its attorneys, Eric R. Sherman, Peter W. Carter, Kristina L. Carlson, and Megan Flynn.

## I. BACKGROUND

On June 5, 2013, the CFTC filed a complaint against the Bank, seeking damages for alleged violations of the Commodity Exchange Act. The claim arises from massive fraud conducted by Russell Wasendorf, Sr. in conjunction with Peregrine Financial Group, Inc. U.S. Bank has also been named as a defendant in two other cases arising from the same core facts: *In re Peregrine Financial Group Customer Litigation*, No. 12-cv-5546 (N.D. Ill.), and *Fintec Group, Inc. v. U.S. Bank, N.A.*, No. 13-cv-8076 (N.D. Ill.).

On January 22, 2014, Chief Judge Linda R. Reade adopted a proposed Stipulated Protective Order submitted by the CFTC and U.S. Bank. *See* docket number 28.

Paragraph A(2) of the Protective Order provides that "[a]ll Discovery Material produced in the Action shall be used only for the purposes of prosecuting or defending the Action and shall not be disclosed to any person except in accordance with the terms hereof or as otherwise authorized by law." Paragraph A(2) further provides that counsel "shall take all reasonable steps to ensure that the Discovery Material governed by the Protective Order is (i) used only for the purposes specified herein, and (ii) disclosed only to authorized persons." Furthermore, paragraph G provides that within 60 days of the conclusion of the litigation, "all material treated as Confidential under this Protective Order and not received in evidence (other than material subject to work product protection) shall be deleted, destroyed, or returned to the Producing Party, at the option of the receiving Party."

On December 19, 2014, it was "brought to the court's attention that this action has been settled by the parties and that no further proceedings are contemplated." *See* Order (docket number 137). At the time of hearing, the parties agreed that the 60-day deadline for destroying or returning discovery documents does not begin to run until Judge Reade approves the proposed settlement reached between the parties. It was also agreed that absent a modification of the Protective Order, the Bank is required to return or destroy the confidential documents received from the Commission during this litigation, and is prohibited from using those documents in any other litigation.

In its motion to modify the Protective Order, the Bank asks that it be permitted to use the confidential discovery material to defend the *PFG Customer Litigation* action and the *Fintec* action now pending in the United States District Court for the Northern District of Illinois. At the hearing, however, the Bank's counsel advised the Court that U.S. Bank had just reached an "agreement in principle" in the *Fintec* action and, therefore, it no longer needs the discovery documents produced in this case for the *Fintec* case. However,

the Bank asks that it be permitted to use the confidential discovery material in this case for purposes of defending the *PFG Customer Litigation* action pending in Illinois.[1]

## II. DISCUSSION

In support of its motion to modify, U.S. Bank cites "common sense and Rule 1." The Bank notes that the documents are already in its possession and, therefore, it would not require any additional effort or expense by the Commission. The Bank argues that the documents will be protected from disclosure by the protective order in place in the *PFG Customer Litigation* action. U.S. Bank asserts that modifying the Protective Order in this case is "the most efficient and least burdensome way we know of to obtain documents that the Bank needs for its defense of pending related litigation."

In response, the CFTC notes that when the Protective Order was negotiated in January 2014, the parties specifically agreed that any confidential documents produced in the instant action could not be used in other litigation. The Commission believes that if the Bank wants to pursue documents to defend the *PFG Customer Litigation* action, then "they should do it through the discovery mechanism in the other case." The Commission argues that short-cutting the procedure by modifying the Protective Order fails to protect the interests of third-parties and does not allow the CFTC to follow its normal procedures in responding to a subpoena.

U.S. Bank's counsel admitted at the hearing that the issue of "cross-use" was discussed when the Protective Order was negotiated, and the Bank agreed to CFTC's

---

[1] Prior to filing the instant motion, U.S. Bank served the CFTC with a subpoena seeking "all documents produced" by the CFTC in the instant action. In refusing to comply with the subpoena, the Commission cited the Protective Order in this case and wrote that "[i]t is U.S. Bank's burden to obtain a modification of the protective order . . . to allow for use of the documents in a separate litigation." *See* Letter from Anne W. Stukes to Kristina L. Carlson, dated December 8, 2014 (docket number 140-11). The letter also notes that compliance with the subpoena requires formal action by the Commission.

3

position. Mr. Sherman advised the Court that "we could have rejected the CFTC's position with respect to cross-use of the documents, but that was at a point in time where frankly the issue was not yet ripe and it wasn't yet worth taking up this Court's time with a motion to determine that issue." That is, "the need was not pressing."

A party seeking to amend a protective order has the burden of "showing that intervening circumstances have obviated or limited any potential prejudice to the protected party." *Jochims v. Isuzu Motors, Ltd*, 151 F.R.D. 338, 342 (S.D. Iowa 1993) (citing *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949 (8th Cir. 1979)). *See also Tama Plastic Industry v. Pritchett Twine and Net Wrap, LLC*, 2014 WL 4825173 (D. Neb.) ("The party seeking modification must make a showing of intervening circumstances to indicate why the protective order should be lifted or modified."). Here, Mr. Sherman argues that "the circumstances have changed since we entered the Protective Order due to the CFTC's voluntary participation alongside our opponents in the related litigation." I find the argument unpersuasive. As I understand it, the parties — including the Bank — agreed that certain depositions could be used in all three cases for the convenience of the parties. In addition, the CFTC has apparently produced certain documents to the plaintiffs in the *PFG Customer Litigation* action pursuant to a subpoena. The CFTC is not a party to the *PFG Customer Litigation* action and there is no evidence that its attorneys are acting in cahoots with the plaintiffs' attorneys in that case. There are no significant intervening circumstances which would justify a modification of the negotiated Protective Order entered in this case.

U.S. Bank asserts that all of the documents produced in this case are subject to discovery in the other case by subpoena and, if necessary, a motion to compel. The CFTC disagrees. The Commission argues that some of the documents produced in this case — relating to "unclean hands," for example — would not be discoverable in the *PFG Customer Litigation* action because the Commission is not a party to that case. I believe

4

the Court in the *PFG Customer Litigation* action — or the court in the District of Columbia, if necessary — is in a better position to determine what may or may not be relevant in that action. Moreover, requiring the Bank to seek discovery in the forum where the action is pending will better safeguard the rights of third-parties and the ability of the Commission to contest the production of documents in that litigation.

A party cannot can negotiate the numerous terms of a protective order in good faith, with a private notion that it will seek a modification of some of the terms when the need becomes "pressing." Instead, as set forth in *Jochims* and *Bagley*, the protective order may be modified only upon a showing of intervening circumstances. There are none here. Accordingly, I find that the Bank's motion to modify the protective order should be denied.

### III. ORDER

IT IS THEREFORE ORDERED that the Motion to Modify Protective Order (docket number 140) filed by Defendant is **DENIED**.

DATED this 2nd day of February, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA